# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETERSEN BROTHERS, INC., a Washington corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>PHOENIX UNDERGROUND CONSTRUCTION, INC., a California Corporation dba GENESIS CONSTRUCTION,<br><br>　　　　　Defendant. | Case No.: 1:12cv0936 AWI DLB<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br>(Doc. 41) |

　　　On November 2, 2012, Plaintiff Petersen Brothers, Inc. ("Plaintiff" or "Petersen") filed the instant motion for default judgment against Defendant Phoenix Underground Construction, Inc. dba Genesis Construction ("Defendant" or "Phoenix"). The Court deemed the matter suitable for decision without oral argument and vacated the hearing scheduled for November 30, 2012. Local Rule 230(g).

## **BACKGROUND**

　　　On June 8, 2012, Petersen filed the present action for breach of contract, quantum meruit, account stated and open book account. Petersen served the summons and complaint on Phoenix

1

by substituted service on September 5, 2012, and by mail on September 10, 2012.  Doc. 7.  Phoenix did not file an answer or otherwise respond to the complaint.

On October 23, 2012, pursuant to Petersen's request, the Clerk of the Court entered default against Phoenix.  Doc. 9.  Thereafter, on November 2, 2012, Petersen filed the instant motion for default judgment.  Doc. 10.  Phoenix did not file an opposition or contact the Court.

## FACTUAL BACKGROUND

On November 3, 2011, Phoenix entered into a written agreement with Petersen to purchase materials for use in a government supply purchase, including concrete barrier materials.  According to the terms of the agreement, Petersen agreed to furnish materials to Phoenix and Phoenix agreed to pay Petersen within thirty (30) days of being invoiced.  Petersen provided the materials and invoiced Phoenix.  Doc. 3, ¶¶ 5-9, Exhibits A and B.

On January 14, 2012, Phoenix breached the terms of the agreement by failing to pay Petersen the total amount due and owing for materials.  Phoenix continues to refuse to pay the principal balance of $132,187.50, plus interest, that is due and owing under the agreement.  Doc. 3, ¶¶ 11-12.

Petersen now requests entry of default judgment in the amount of $132,187.50, interest at the rate of 10% per annum beginning January 14, 2012, through November 2, 2012, for an amount of $10,609.53 and at the rate of $36.21 each day thereafter, costs in the amount of $420.00, and attorneys' fees in the amount of $1,000.00.  Petersen seeks a total judgment of $144,217.03.

## DISCUSSION

A.     **Legal Standard**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a plaintiff can apply to the court for a default judgment against a defendant that has failed to plead or otherwise defend against the

action.[1] Fed. R. Civ. P. 55(b)(2). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th Cir. 1983); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, Moore's Federal Practice § 55.11 (3d ed. 2000).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

**B.     Eitel Factors**

1.     Possibility of Prejudice to Petersen

The first Eitel factor considers whether Petersen would suffer prejudice if default judgment is not entered. PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002). As Phoenix has not answered the complaint and has not appeared in this action, Petersen will suffer prejudice if default judgment is not entered. In particular, Petersen's ability to collect the outstanding amount due and owing pursuant to the agreement will be jeopardized if a judgment is not entered against Phoenix. This factor weighs in favor of default judgment.

---

[1] Petersen requests default judgment by the Clerk of the Court pursuant to Fed. R. of Civ. P. 55(b)(1). However, Petersen also set the motion for hearing before the district court. Accordingly, the Court considers Petersen's request as an application for default judgment by the Court pursuant to Fed. R. Civ. P. 55(b)(2).

2.      Merits of Substantive Claims and Sufficiency of the Complaint

The second and third Eitel factors are (1) the merits of the substantive claims and (2) the sufficiency of the complaint. These two factors require that a plaintiff state a claim on which the plaintiff may recover. PepsiCo, Inc., 238 F.Supp.2d at 1175. Here, Petersen has asserted claims for breach of contract, quantum meruit, account stated and open book account.

a.   Breach of Contract

To establish a breach of contract claim under California law, a plaintiff must plead: (1) the existence of contract; (2) plaintiff's performance or excuse for non-performance; (3) defendant's breach; and (4) damage to plaintiff resulting from the breach. Craigslist, Inc. v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1059 (N.D. Cal. 2010).

Petersen has asserted factual allegations supporting the elements of a breach of contract claim. Specifically, Petersen has alleged the existence of an agreement and Petersen's performance of that agreement by furnishing materials. Petersen also has alleged Phoenix's breach of the agreement by failing to pay Petersen for the materials, which resulted in damage to Petersen. Doc. 3, ¶¶ 5-12 and Exhibits A and B.

b.   Quantum Meruit

Under the doctrine of quantum meruit, "a plaintiff who has rendered services benefitting the defendant may recover the reasonable value of those services when necessary to prevent unjust enrichment of the defendant." In re De Laurentiis Entm't Group Inc., 963 F.2d 1269, 1272 (9th Cir. 1992). Unjust enrichment results when the defendant receiving the benefits fails to provide compensation to the plaintiff. Id.

Here, Petersen has alleged that it provided valuable concrete barrier materials to Phoenix for use on a project known as the McChord Air Force Base, that Phoenix was compensated for its work on the project and that Phoenix failed to pay Petersen for the concrete barrier materials. Doc. 3, ¶¶ 8, 12, 19-20. Accordingly, Petersen has stated a quantum meruit claim.

c. Account Stated

An account stated claim has three elements: "(1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; and (3) a promise by the debtor, express or implied, to pay the amount due." Zinn v. Fred R. Bright Co., 271 Cal.App.2d 597, 600 (1969). "In the usual situation, it comes about by the creditor rendering a statement of the account to the debtor. If the debtor fails to object to the statement within a reasonable time, the law implies his agreement that the account is correct as rendered." Id.

Petersen has alleged an agreement between it and Phoenix in the amount of $132,187.50 for construction materials. Petersen also issued a statement of account to Phoenix regarding the amount due and owing. Doc. 3, ¶ 17 and Exhibit B. There is no indication that Phoenix objected to the amount due and owing and Phoenix has not appeared in this action to contest the statement of account. Petersen has stated a claim for an account stated.

d. Open Book Account

Under California law, a "book account" is defined as:

> a detailed statement which constitutes the principal record of one or more transactions between a debtor and a creditor arising out of a contract or some fiduciary relation, and shows the debits and credits in connection therewith, and against whom and in favor of whom entries are made, is entered in the regular course of business as conducted by such creditor or fiduciary, and is kept in a reasonably permanent form and manner and is (1) in a bound book, or (2) on a sheet or sheets fastened in a book or to backing but detachable therefrom, or (3) on a card or cards of a permanent character, or is kept in any other reasonably permanent form and manner.

Cal. Code of Civ. Proc. § 337a. A claim on an open book account is proper "whenever the plaintiff claims a sum of money due, either as an indebtedness in a sum certain, or for the reasonable value of services, goods, etc., furnished." Kawasho In't, U.S.A. v. Lakewood Pipe Svc., Inc., 152 Cal.App.3d 785, 793, 201 Cal.Rptr. 640 (1983).

Petersen alleges that within the last four years Phoenix "became indebted to PETERSEN in the sum of $132,187.50, on open book account, for construction materials provided by PETERSEN . . . .  Doc. 3, ¶ 15 and Exhibit B.  Petersen has stated a claim for open book account.

For the reasons stated above, the second and third Eitel factors weigh in favor of default judgment.

### 3. Amount of Money at Stake

The fourth Eitel factor considers the sum of money at stake in the action.  By the complaint, Petersen seeks $132,187.50, along with interest.  This is merely the amount due and owing for the concrete barrier materials.  Petersen has supported its request for the principal amount with invoices and the Declaration of Ron Petersen, owner of Petersen Brothers, Inc. Doc. 3, Exhibit B and Doc. 10-3.  Thus, this factor weighs in favor of granting default judgment.

### 4. Remainder of Eitel Factors

The remaining Eitel factors support entry of default judgment:  (1) there is no dispute concerning material facts because Phoenix has not answered and default has been entered; (2) there is no evidence that Phoenix's default was due to excusable neglect; and (3) policy considerations should not permit Petersen to be negatively affected by Phoenix's failure to defend the claims against it.  See, e.g., Elektra Entm't Group, Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D.Cal. 2005).

Based on the above, the Court finds that the Eitel factors weigh in favor of granting the motion for default judgment.  Accordingly, the Court recommends that default judgment be entered against Phoenix.

**C	Damages**

Petersen seeks the sum of $132,187.50, which is the unpaid balance for the concrete barrier materials. As Petersen has verified this amount through exhibits and declarations, the Court finds it appropriate to recommend the requested relief for contract damages.

Petersen also requests interest on the unpaid balance at a rate of 10% per annum from January 14, 2012 through November 2, 2012 in the amount of $10,609.53. Declaration of Ron Petersen ¶ 33. Pursuant to California Civil Code Section 3289(b), the legal interest rate after a breach of contract is ten percent (10%) per annum. Therefore, the Court finds it appropriate to recommend that Petersen recover the requested interest for the period from January 14, 2012 through November 2, 2012.

**D.	Attorney's Fees and Costs**

Petersen requests an award of attorney's fees and costs. In particular, Petersen seeks attorney's fees in the amount of $1,000.00 based on its action on book account and costs in the amount of $420.00.

Pursuant to California law, "in any action on a contract based on a book account . . . the party prevailing on the contract shall be entitled to reasonable attorney's fees" in addition to other costs. Cal. Civ. Code § 1717.5(a). Such fees are fixed at $1,000.00 for book account based upon an obligation owing by a corporation. Id. The Court finds it appropriate to recommend that Petersen recover fixed attorney's fees in the amount of $1,000.00.

With regard to the requested $420.00 in costs, Petersen has identified the costs incurred as a filing fee of $350.00 and a process service fee of $70.00. Doc. 10-2. Based on the papers and the docket in this case, however, the Court only finds support for the filing fee of $350.00 and a process service fee of $35.00. Doc. 7. Accordingly, the Court finds it appropriate to recommend that Petersen be awarded costs in the amount of $385.00.

**RECOMMENDATION**

It is HEREBY RECOMMENDED as follows:

1.      Plaintiff's motion for default judgment be GRANTED; and

2.      Default judgment be ENTERED in favor of Plaintiff Petersen Brothers, Inc. against Defendant Phoenix Underground Construction, Inc. dba Genesis Construction in the amount of $132,187.50, together with interest at the rate of 10% per annum beginning January 14, 2012, through November 2, 2012, in the amount of $10,609.53; costs in the amount of $385.00; and attorneys' fees in the amount of $1,000.00.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within **fourteen (14) days** after being served with a copy, any party may serve on opposing counsel and file with the court written objections to such proposed findings and recommendations.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within **fourteen (14) days** after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

Dated:   **November 29, 2012**                        /s/ *Dennis L. Beck*
                                                            UNITED STATES MAGISTRATE JUDGE